No. 824
STANCHOFF v. WIEGAND
Ohio Appeals, 8th Dist., Cuyahoga County
No. 5934. Oct. 13, 1924

801. MUNICIPAL LAW—Ordinances imposing imprisonment for violation cannot be made retroactive to include offense committed prior to enactment.

601. HABEAS CORPUS—Writ lies to effect discharge of prisoner illegally confined in city jail.

VICKERY, P. J.
Epitomized Opinion
Published Only in Ohio Law Abstract

Stanchoff was arrested in Lakewood, fined $500 and without mittimus was sent to Lakewood jail. The ordinance under which he was prosecuted did not provide for imprisonment for violation nor in case the fine was unpaid or until payment was made. The memorandum merely stated "to be confined in Lakewood jail" was not signed, no time stated for confinement. Later the ordinance was amended providing imprisonment as well as fine, imprisonment if fine is not paid and provision to work out fine.

Stanchoff brought Habeas corpus in the Common Pleas, which writ was refused. Re-

## STATE COURT OF APPEALS—Continued

versing this judgment, the Court of Appeals held:

1. An ordinance passed after a prosecution for commission off an offense cannot be made retroactive to cover an offense before its enactment.

2. Confinement under the ordinance in question is illegal and habeas corpus lies to effect the discharge of one so imprisoned.

Attorneys—Hyre & Hyre, for Stanchoff; A. E. Brueckner, for Weigand; all of Cleveland.